# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| ALLA IOSIFOVNA SHUPER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Docket no. 2:14-cv-00475-GZS |
| ) | |
| STATE OF MAINE, ) | |
| ) | |
| Defendant. ) | |

## ORDER ON PENDING MOTIONS & *COK* WARNING

Before the Court are Plaintiff Alla Iosifovna Shuper's Applications to Proceed *In Forma Pauperis* (ECF Nos. 5, 13 & 17). The Court hereby GRANTS Plaintiff leave to proceed *in forma pauperis* in this action.

Also before the Court are the Motion for Reconsideration (ECF No. 4) and the Motion to Amend the Motion for Reconsideration (ECF No. 7). Both of these Motions pertain to the Court's November 18, 2014 Order requesting that Plaintiff either pay the filing fee or file a request to proceed *in forma pauperis* in each of her docketed cases. (See Order (ECF No. 2).) In light of the Court's decision to grant Plaintiff's request to proceed *in forma pauperis*, the Court finds both of these requests for reconsideration (ECF Nos. 4 & 7) MOOT.[1] The Court notes that similar motions for reconsideration were filed in each of Plaintiff's then twenty-four cases.[2]

---

[1] The Court also notes that Plaintiff Shuper has filed an interlocutory appeal with regard to the Court's November 18, 2014 Order. (See Interlocutory Appeal (ECF No. 11).)

[2] Since November 12, 2014, Plaintiff Shuper has filed twenty-five complaints with this Court. However, Shuper v. Falmouth Memorial Library, 2:14-cv-00506-GZS, was not filed by Plaintiff Shuper until November 25, 2014, after she filed the Motion for Reconsideration and Motion to Amend the Motion for Reconsideration on November 19 and 20, 2014.

Plaintiff Shuper has also filed an Appeal to the Chief Judge (ECF No. 8). To the extent that Plaintiff Shuper is appealing the Court's November 18, 2014 Order to the Chief Judge, there is no such right to appeal to the Chief Judge, and it is therefore DENIED. As with the Motion for Reconsideration and the Motion to Amend the Motion for Reconsideration, *pro se* Plaintiff Shuper's Appeal to the Chief Judge was filed in each of her then twenty-four cases.

Plaintiff Shuper has also filed a Motion to Accept the Change in *Pro Se* Filing, thereby requesting that she be permitted to file documents manually rather than electronically (ECF No. 10). The Court GRANTS the Motion, which has also been filed in each of her cases.

Upon the Court's review of the Complaint, the Court concludes that the case must be dismissed in accordance with 28 U.S.C. § 1915(e)(2). The handwritten Complaint names the State of Maine as the sole defendant and is captioned, "Complaint in regards to not paying attention to the very important organization 'NAMI Maine' (National Alliance on Mental Illness of ME)." (Compl. (ECF No. 1) at 1.) The body of the Complaint asserts that Governor Paul LePage has cut funding for the National Alliance on Mental Illness of Maine and that he has exercised his veto power in accord with his own interests and the interests of his friends and family. The Complaint asserts that these actions have violated the Americans with Disabilities Act and the Rights of Recipients of Mental Health Services. For relief, the Complaint requests that Governor LePage be impeached. Liberally construing the Complaint, the Court cannot see any claim against the State of Maine, nor does the Complaint articulate a personal, particularized injury to Plaintiff. In accordance with 28 U.S.C. § 1915(e)(2), the Court readily finds the present Complaint is frivolous and fails to state any cognizable claim. Therefore, the Complaint must be DISMISSED.

Plaintiff Shuper has filed a Motion to Amend the Complaint in this case (ECF No. 6). The Motion to Amend references her Second Amended Complaint filed in a different, unrelated case

and the subject matter of that unrelated lawsuit. See Shuper v. Austin, D. Me. Docket # 2:14-cv-00317-JAW. Plaintiff also attached various medical documents and docket sheets to her Motion to Amend. The Court finds that the Motion to Amend would be futile under Federal Rule of Civil Procedure 15, and therefore DENIES the Motion to Amend.

Also before the Court is Plaintiff Shuper's Motion for Leave to Proceed *In Forma Pauperis* on Appeal (ECF No. 12). Through Plaintiff Shuper's Motion, she asks this Court to excuse her from paying the docket fees in connection with her November 28, 2014 Notice of Appeal (ECF No. 11). The Court believes that Plaintiff Shuper's November 28, 2014 Notice of Appeal is premature and improper given the procedural posture of her case. As a result, the Court concludes that the present appeal is not taken in good faith as required under 28 U.S.C. § 1915(a)(3) & F.R.A.P. 24(a)(2) & (4). For this reason, the Court DENIES the Motion To Leave To Appeal *In Forma Pauperis* on Appeal (ECF No. 12).

Finally, the Court notes that since November 12, 2014, *pro se* Plaintiff Shuper has filed twenty-five complaints with this Court. To-date, the Court has dismissed six of those cases as frivolous under 28 U.S.C. § 1915(e)(2), seven including this case. See Shuper v. Maine, 2:14-cv-00467-GZS, Order on All Pending Motions (Dec. 2, 2014); Shuper v. Maine, 2:14-cv-00468-GZS, Order on All Pending Motions (Dec. 2, 2014); Shuper v. Maine, 2:14-cv-00469-GZS, Order on All Pending Motions (Dec. 2, 2014); Shuper v. Maine, 2:14-cv-00470-GZS, Order on All Pending Motions (Dec. 2, 2014); Shuper v. Maine, 2:14-cv-00471-GZS, Order on All Pending Motions (Dec. 2, 2014); Shuper v. Maine, 2:14-cv-00472-GZS, Order on All Pending Motions (Dec. 2, 2014). Additionally, in three other cases Ms. Shuper has now filed motions to dismiss those cases, acknowledging that the cases were unnecessary. See, e.g., Shuper v. Mercy Primary Care, et al., 2:14-cv-00473-GZS, Order on Pending Motions (Dec. 2, 2014); Shuper v. Bank of America, et

al., 2:14-cv-00477-GZS, Order on Pending Motions (Dec. 2, 2014); Shuper v. Casco Bay Eye Center, et al., 2:14-cv-00488-GZS, Order on Pending Motions (Dec. 2, 2014). Given the number and quality of Shuper's filings to-date, the Court is concerned that Shuper will continue to make frivolous filings with this Court that waste both judicial time and resources. Therefore, the Court hereby WARNS Alla Iosifovna Shuper that if she continues to file further frivolous motions, attachments and complaints with this Court, she may be restrained from filing any future complaints with this Court as well as become subject to other filing restrictions and sanctions. See Cok v. Family Court of Rhode Island, 985 F.2d 32 (1st Cir 1993) (requiring that the Court warn any litigant before restricting the litigant's ability to file). Ms. Shuper is well aware of the impact of these restrictions because they previously have been imposed on her by this Court. See Shuper v. Chandler, 2:13-cv-110-GZS, Order on Pending Motions & Warning to Plaintiff (ECF No. 119) (D. Me. Oct. 28, 2013) (suspending Alla Shuper's electronic filing privileges and stating that "[a]bsent leave of the Court, Plaintiff Shuper shall file no further motions or attachments in this case until this Court receives a mandate on her pending appeals.").

The Clerk is directed to DISMISS this action and mail a copy of this Order to Plaintiff in order to notify her that further frivolous filings will result in sanctions and filing restrictions in this Court. Additionally, the Court certifies that any appeal from this Order would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).

                                                SO ORDERED.

                                              /s/ George Z. Singal
                                              United States District Judge

Dated this 2nd day of December, 2014.